UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE: THE MATTER OF BELLE CHASSE                    CIVIL ACTION
MARINE TRANSPORTATION, INC.                          NO. 12-1281

                                                     SECTION "H"(2)


ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (R. Doc. 41) filed by Limitation Plaintiff Belle Chasse Marine Transportation, Inc. For the following reasons, the Motion is GRANTED and Claimant Mark Massarro's claims are DISMISSED.


BACKGROUND

Claimant alleges he sustained personal injury on December 13, 2010, while attempting to disembark the M/V LANA K—a vessel owned and operated by Limitation Plaintiff. Claimant

1

subsequently filed suit in State court against, *inter alia*, Limitation Plaintiff. In response, Limitation Plaintiff filed a Complaint on May 17, 2012, for exoneration from or limitation of liability. (R. Doc. 1.) Claimant answered the Complaint and asserted a claim for negligence on August 27, 2012.[1]

Limitation Plaintiff moved for summary judgment on November 6, 2012. (R. Doc. 19.) The Court heard oral argument on February 27, 2013, and denied the motion without prejudice, allowing Claimant 30 days to conduct additional discovery. (R. Doc. 30.) Limitation Plaintiff re-urged the Motion on April 23, 2013. (R. Doc. 41.) In his opposition memorandum, Claimant requested the Court defer its ruling under Rule 56(d). As grounds therefor, Claimant stated that he was awaiting documentation from the United States Coast Guard ("Coast Guard"), which would "directly address the issue of the exact vessel on which [Claimant] was working on or about December 13, 2010." (*See* R. Doc. 46.) After conferring with counsel for both parties on May 15, 2013, the Court allowed Claimant an additional 34 days to supplement the record. (*See* R. Doc. 48.) At oral argument on June 20, 2013, Claimant asked this Court to defer its ruling for a third time, because the Coast Guard had not yet produced documents responsive to his previous request. The Court once again acquiesced to the request for a continuance and allowed Claimant an additional 15 days to supplement the record. The Court warned, however, that no further continuances would be granted.

---

[1] Although Massarro's claim was filed after the monition period, the Court found that he demonstrated good cause and therefore allowed the claim. (*See* R. Doc. 16.)

Claimant has failed to supplement the record within the proscribed time period. The Court now issues its written reasons.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the

nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

"The elements of a maritime negligence cause of action are essentially the same as land-based negligence under the common law." *Withart v. Otto Candies, LLC*, 431 F.3d 840, 842 (5th Cir. 2005) (citations omitted).  "Under general tort principles, a tortfeasor is accountable only to those to whom a duty is owed." *In re Signal Int'l, LLC*, 579 F.3d 478, 491 (5th Cir. 2009) (internal quotation marks and citations omitted).

Limitation Plaintiff moves for summary judgment on the basis that it does not owe any duty to Claimant.  Specifically, Limitation Plaintiff argues the summary judgment record conclusively demonstrates that Claimant was not injured aboard the M/V LANA K on December 13, 2010.  For

the following reasons, the Court agrees.  Accordingly, the Motion is granted and Claimant Mark Massarro's claims are dismissed.

I.      <u>Whether Claimant was Injured Aboard the M/V LANA K on December 13, 2010</u>

The summary judgment record strongly suggests that Claimant was not injured aboard the M/V LANA K on December 13, 2010. Two members of the M/V LANA K's crew—each of whom remained aboard the vessel until after the last passenger embarked—attested that they did not observe any passenger slip or fall while disembarking the vessel on December 13, 2010. Moreover, Claimant testified in his deposition that he sought medical treatment at the Acadian triage service immediately after his alleged accident and that medical staff documented his visit.  The triage service, however, has no record of Claimant's alleged visit.  Further, Claimant estimated that he was injured between 11:00 a.m. and 11:15 a.m. The vessel logs for the M/V LANA K, however, state that the vessel returned to port at 10:45 a.m.  The aforementioned crew members each attested that the M/V LANA K returned at this time.  Finally, both the BP Incident Reporting Form and documentation from Claimant's December 21, 2010, medical examination state that Claimant was injured on December 14, 2010 (not December 13, 2010, as alleged).

Claimant's inability to accurately describe the M/V LANA K further muddies the waters. Claimant's description of the boat on which he was injured differs markedly from the physical characteristics of the M/V LANA K: (1) Claimant testified that the boat on which he was injured was approximately 36 feet long and 12 feet wide; the M/V LANA KAY is significantly larger (50 feet long

and 19 feet wide); (2) Claimant testified that his boat had a walk-thru cabin in the center; the M/V LANA KAY has no such cabin; (3) Claimant testified that his boat had outboard motors; the M/V LANA K has no such outboard motors.

Claimant's testimony regarding his egress on December 13, 2010, also suggests he was aboard a vessel other than the M/V LANA K. Claimant testified the vessel docked bow-to. Claimant further testified that he walked through the cabin and jumped from the bow to reach the dock above. Three crew members familiar with the M/V LANA K, however, attested that the M/V LANA K always docked stern-to, because the bow would be much too high over the dock for passengers to climb down. Moreover, Claimant testified that, on December 13, 2010, the deckhand had already left the vessel before Claimant himself disembarked. The deckhand, however, attested that he remained aboard the vessel 20-30 minutes after the last passenger had disembarked.

Since Limitation Plaintiff has satisfied its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to Claimant to "identify specific evidence in the record and articulate the manner in which that evidence supports [his] claim." *See John*, 379 F.3d at 301 (5th Cir. 2004) (internal citations omitted). Claimant falls woefully short of carrying this burden.

For the most part, Claimant challenges the sufficiency of the evidence offered by Limitation Plaintiff, rather than offering evidence of his own. For example, Claimant questions the veracity of affidavits submitted by Limitation Plaintiff's employees, the authenticity of the M/V LANA K's

6

vessel logs, and speculates that other evidence may exist in support of Claimant's allegations. Yet Claimant identifies nothing in the record—other than his own self-serving affidavit that "[t]o the best of my memory, more likely than not, the LANA KAY was the vessel upon which my accident occurred" (R. Doc. 23-3 at ¶3)—to controvert Limitation Plaintiff's Motion.[2] Claimant has been afforded ample opportunity to supplement the record in support of his position. Claimant's inability to establish a genuine issue of material fact under these circumstances further supports the entry of summary judgment at this time.

II.  <u>Whether Claimant Should be Allowed to Amend his Claim</u>

Claimant sets forth two conflicting theories as to when his alleged accident occurred. Claimant asserted both in his answer to Limitation Plaintiff's Complaint and in his deposition that the accident occurred on December 13, 2010. In his opposition memorandum to the instant Motion, however, Claimant asserts that the accident occurred "on or about December 14, 2010." (R. Doc. 23.)

The Court construes this new allegation as a motion for leave to amend the pleadings. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend the pleadings); *Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held,

---

[2] It is beyond dispute that self-serving affidavits, without more, cannot defeat a properly supported motion for summary judgment. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

7

that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time") (*citing Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)).

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." The Fifth Circuit has held, however, that once a scheduling order's deadline to amend has expired, Rule 16(b) provides the controlling standard. *See S&W Enters., LLC v. Southtrust Bank of Alamaba, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) provides that a scheduling order "shall not be modified except upon a showing of good cause." Four factors are relevant to a determination of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (internal quotation marks and citations omitted). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because the deadline for amending pleadings is well past (*see* R. Doc. 15), the Court analyzes the motion to amend under Rule 16.

At least two of the enumerated factors militate against granting to leave amend. First, Claimant provides no justification for failing to amend his pleadings in accordance with the deadlines in this Court's scheduling order. Second, and most importantly, amendment would be

8

futile.  Ever if the Court was to assume that Claimant's accident occurred on December 14, 2010, Claimant cannot demonstrate that he was injured aboard the M/V LANA K.  The Boat Captain for the M/V LANA K attested that the vessel did not leave port on December 14, 2010, which the vessel logs appear to confirm.  Moreover, as explained in the previous Subsection, Claimant's description of the boat on which he was injured differs materially from the physical characteristics of the M/V LANA K.  Given the foregoing, Claimant cannot establish the requisite good cause to permit an untimely amendment of the pleadings.

## CONCLUSION

Claimant has failed to demonstrate the existence of a genuine issue for trial as to whether he was injured aboard the M/V LANA K on December 13, 2010.  Therefore, the Motion is GRANTED.

New Orleans, Louisiana, on this 5th day of July, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**